IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C.S., *by her natural guardian*, M. SMITH,

        Plaintiff,

v.                                                                                                  Case No. 17-2235-JTM

TFI FAMILY SERVICES, INC.,

        Defendant.

-----------------------------------------------------------

G.S., *by his natural guardians,* R. SHADDEN
and J. SHADDEN,

        Plaintiff,

v.                                                                                                  Case No. 17-2236-JTM

TFI FAMILY SERVICES, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

These cases were brought on behalf of two children who allegedly suffered abuse after being placed in a foster care home by defendant TFI Family Services (TFI).[1] TFI is a private company that contracts with the Kansas Department for Children and Families (DCF) to provide placement services for children in DCF custody. Plaintiffs allege TFI is liable for damages under 42 U.S.C. § 1983 for depriving them of constitutional rights under color of state law, as well as for the state law torts of gross negligence and

---

[1] The two cases involve nearly identical complaints by two children placed in the same foster home. The cases have been consolidated for purposes of discovery. (Dkt. 14).

outrageous conduct. The matter is now before the court on TFI's motions to dismiss the § 1983 claims for failure to state a claim upon which relief can be granted. In Case No. 17-2235, TFI additionally seeks dismissal of C.S.'s state law claims, arguing the court should decline to exercise supplemental jurisdiction over those claims.[2]

### I. Standards for Motion to Dismiss Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.' " *The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1106–07 (10th Cir. 2016), *cert. denied sub nom. Lockett v. Fallin*, 137 S. Ct. 2298 (2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the non-moving party. *See Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Mere labels and conclusions and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550

---

[2] TFI initially argued the same with respect to G.S.'s state law claims, but subsequently acknowledged that diversity jurisdiction was properly alleged in Case No. 17-2236. TFI accordingly withdrew its request for dismissal of G.S.'s state law claims. Dkt. 11.

U.S. at 555. Moreover, "[t]he tenet that a court must accept as true all of the allegations contained a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## II. Motions to Dismiss

TFI argues plaintiffs' allegations fail to show that it acted under color of state law, because it contends the placement of foster children has historically been a function performed by private entities, and as such TFI is not a state actor for purposes of § 1983 under the so-called "public function test." (No. 17-2235, Dkt. 7 at 3; No. 17-2236, Dkt. 7 at 3).

In response, plaintiffs assert that the placement of children in foster care following court-ordered removal from a home, as opposed to day-to-day care of foster children, is "traditionally exclusively reserved to the State," and thus qualifies TFI as a state actor under the public function test. (No. 17-2235, Dkt. 16 at 2). Moreover, plaintiffs contend TFI qualifies as a state actor under the nexus, symbiotic relationship, and joint functions tests found in § 1983 case law. Plaintiffs argue these are all encompassed within the allegation that TFI acted to deprive plaintiffs of federal rights "under color of state law."(*Id*. at 2-3).

## III. Discussion

As this court noted in *Boone v. TFI Family Services, Inc.*, No. 14-2548-JTM, 2015 WL 5210195, *2 (D. Kan. Sept. 3, 2015), a private actor may be treated as a state actor for purposes of § 1983 when the defendant's conduct is "fairly attributable to the State." *Id*. (quoting *Johnson v. Rodriguez*, 293 F.3d 1196, 1203 (10th Cir. 2002)). In the Tenth Circuit,

that standard can be met under any of four tests: 1) the nexus test; 2) the public function test; 3) the joint action test; or 4) the symbiotic relationship test. *Id.*

The nexus test is satisfied if the state exercises sufficient coercive power over the challenged action that the conduct is fairly attributable to the state itself. *Id.* (citing *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013)). The mere existence of government regulations, contractual relationships, or governmental approval of the conduct are not sufficient. *Id.* Rather, the state must exercise coercive power or such encouragement that the choice was essentially that of the state. *Id.* The public function test is met if the plaintiff shows that the state delegated to the defendant "a function traditionally exclusively reserved to the State." *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 390 (10th Cir. 2016). That test "is difficult to satisfy because a function is rarely deemed *exclusively* reserved to the state." *Id.* (emphasis in original). The joint action test asks "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Wittner*, 720 F.3d at 777. Acquiescence is insufficient; rather, the state and private entity must share a specific goal of engaging in a course of action that violates the plaintiff's rights. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1455 (10th Cir. 1995). Finally, the symbiotic relationship test is met if the state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity. *Wittner*, 720 F.3d at 777-78 (citations omitted).

Plaintiffs' complaints allege, among other things, that "TFI, through its contract with DCF, performed the exclusive governmental function of providing placement

4

services on behalf of children in DCF custody referred to TFI," including C.S. and G.S. In *Boone v. TFI* this court found a similar allegation could withstand a motion to dismiss, notwithstanding that it might be difficult to prove at the summary judgment stage. *See Boone v. TFI Family Services, Inc.*, No. 14-2548-JTM, 2016 WL 3192996, *4 (D. Kan. June 9, 2016) ("At this point, plaintiff's proposed amended complaint fairly alleges that determining the placement of a child whose natural family has failed to provide care is traditionally an exclusive prerogative of the State of Kansas within the meaning of the public function test."). The court noted there was no Tenth Circuit authority on the matter and that the Tenth Circuit, in ruling on similar questions, had examined whether there was relevant evidence of historical practices. *See, e.g. Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (affirming summary judgment that adoption agency was not performing exclusive state function, observing that plaintiff presented no evidence to the contrary); *Wittner*, 720 F.3d at 777 (plaintiff "offer[ed] no facts regarding the history of mental-health commitment in Colorado to compel a different conclusion").

As in *Boone*, the plaintiffs' complaints fairly allege that providing placement services for children in these circumstances is an exclusive governmental function. The allegation is not inherently implausible and is presumed to be true for purposes of a motion to dismiss on the pleadings. It is sufficient to put TFI on notice of the basis of plaintiffs' claim. TFI has failed to show that the allegation fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** this 29th day of November, 2017, that TFI's Motions to Dismiss (Dkt. 6 in No. 17-2235 and Dkt. 6 in No. 17-2236) are DENIED.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
